# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 08mj14 |
| vs. | **DETENTION ORDER** |
| NIKKI KURTZUBA, | |
| Defendant. | |

This matter came on for detention hearing on January 30, 2008. Assistant U.S. Attorney Shawn Wehde appeared on behalf of the plaintiff (the "Government"). The defendant Nikki Kurtzuba appeared in person with her attorney, Assistant Federal Defender Robert Wichser. The Government offered the testimony of Iowa DNE Agent Eric Young.

The court must determine whether any condition or combination of conditions will reasonably assure Kurtzuba's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Kurtzuba as required and the safety of the community if the court finds there is probable cause to believe Kurtzuba committed an offense of the type identified in 18 U.S.C. § 3142(e) for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1). The probable cause element of section 3142(e) that triggers the rebuttable presumption of

risk of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See Apker*, 964 F.2d at 744; *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).

In the present case, the record indicates Kurtzuba made a post-*Miranda* statement to law enforcement officers in which she admitted to trafficking in enormous quantities of methamphetamine during 2006 and 2007. In addition, officers conducted a controlled purchase of twelve ounces of methamphetamine from Kurtzuba using a confidential informant. The methamphetamine was purchased for the sum of $9,000. Kurtzuba has failed to offer any evidence to rebut the presumption that she is a danger to the community. The presumption arises from the charge itself – a serious drug charge involving the possession with intent to distribute a significant quantity of methamphetamine. *See United States v. Cox*, 635 F. Supp. 1047, 1055 (D. Kan. 1986) (citing *United States v. Fortna*, 769 F.2d 243, 247 (5th Cir. 1985).

The record further indicates Kurtzuba has had almost ongoing contact with law enforcement since she was a preteen. She has continued to violate the law even while she has been on release from other charges. Viewing the record as a whole, the court finds nothing to indicate Kurtzuba would be able to refrain from continuing to engage in criminal activities if she were released.

Accordingly, the court finds the Government has proved by a preponderance of the evidence that Kurtzuba is a flight risk, and by clear and convincing evidence that Kurtzuba would be a danger to the community if released. Therefore, the court finds the following:

1. Kurtzuba is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Kurtzuba reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Kurtzuba to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Kurtzuba must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 30th day of January, 2008.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT